Hearing Date:  September 29, 2011
Hearing Time:  10:30 a.m.
Location: 219 S. Dearborn St., Courtroom 682
Chicago, IL 60604

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § """"""""Ej cr vgt '9 § | |
| CKG RESTAURANT GROUP, INC. | § § | Case No. 04-13322 JBS |
| Debtor(s) | § """""""""J qp0Lcem'D0Uej o gwgt gt | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

     Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that JAY A. STEINBERG, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

     The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

          Clerk of the U.S. Bankruptcy Court
          No. District of Illinois, Eastern Div.
          219 S. Dearborn Street
          7th Floor
          Chicago   IL  60604

     Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at :

          10:30 a.m.
          on September 29, 2011
          in Courtroom 682, U.S. Courthouse
          219 S. Dearborn St., Chicago, IL

  If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____          By: Kenneth S. Gardner_____
                                           Clerk of U.S. Bankruptcy Court

LC[ 'C0UVGKP DGTI ."VTWUVGG
57'G0Y cemgt'Ft0'Uwkg"3772.'Ej lecig q."KN'82823

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

| In re: | § | |
|---|---|---|
| | § | |
| CKG RESTAURANT GROUP, INC. | § | Case No. 04-13322 JBS |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000006 | Webster Properties LLC | $ | $ | $ | $ |
| 000008 | Rewards Network Establishment Services | $ | $ | $ | $ |

Total to be paid to secured creditors         $_____

Remaining Balance                             $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JAY A. STEINBERG, TRUSTEE | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 4)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment | |
|---|---|---|---|---|
| Attorney for Trustee Fees: SCOTT & KRAUS | $ | $ | $ | ** |
| Accountant for Trustee Fees: Popowcer & Katten, Ltd. | $ | $ | $ | |
| Accountant for Trustee Expenses: Popowcer & Katten, Ltd. | $ | $ | $ | |
| Fees: United States Trustee | $ | $ | $ | |
| Other: International Sureties, Ltd. | $ | $ | $ | |
| Other: Reebie Data Bank | $ | $ | $ | |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

**Trustee is aware that his attorneys Scott & Kraus have performed additional services for which it has not been compensated. Trustee is informed that Scott & Kraus will seek additional final compensation in the amount of $30,000 for which the Trustee does not object. In order for Scott & Kraus to be awarded additional fees, a fee application must be filed with the Court and appropriate notice issued to creditors. If Scott & Kraus files a fee application and issues notice within the requisite time, the proposed distribution to unsecured creditors will be reduced.

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Peoples Energy/Peoples Gas | $ | $ | $ |
| 000003 | Clarity Audio & Video Services Inc | $ | $ | $ |
| 000004 | Empower HR | $ | $ | $ |
| 000005 | James T Balog | $ | $ | $ |
| 000007 | Sarica Foods | $ | $ | $ |
| 000009 | European Imports Ltd | $ | $ | $ |
| 000010 | Product Productions Inc | $ | $ | $ |
| 000011 | Lehmann Colorado Meats, Inc | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

UST Form 101-7-NFR (10/1/2010) *(Page 6)*

          Prepared By: /s/Jay A. Steinberg
                             Chapter 7 Trustee

*JAY A. STEINBERG, TRUSTEE*
*35 EAST WACKER*
*SUITE 1550*
*CHICAGO, IL 60601-0000*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.